**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JULY SESSION, 1998**

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 03C01-9710-CC-00469** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **BLOUNT COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. D. KELLY THOMAS, JR.** |
| **MIKE RAMSEY,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Sentencing) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF BLOUNT COUNTY**

<u>FOR THE APPELLANT</u>:

JULIE A. MARTIN
P.O. Box 426
Knoxville, TN 37901-0426

MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804

<u>FOR THE APPELLEE</u>:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

PHILIP MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Mike Ramsey, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted, upon his pleas of guilty, of two counts of delivery of marijuana, Class E felonies, and one count of possession of cocaine for the purpose of resale, a Class B felony.[1] The agreed sentences for the two Class E felonies were two years as a Range I standard offender. The agreed sentence for the Class B felony was eight years as a Range I standard offender. It was further agreed that the two-year sentences were to be served concurrent with each other but consecutive to the eight-year sentence, for an agreed effective sentence of ten years. The manner of service of the sentences was left to the discretion of the trial judge. After conducting a sentencing hearing, the trial judge ordered that the Defendant serve seven months in the county jail for the Class E felonies, followed by a consecutive term of five months in the county jail for the Class B felony, for a total of twelve months in the county jail. The balance of the effective ten-year sentence was ordered to be served in the community corrections program. The Defendant appeals from the trial judge's order that twelve months of the sentences be served in confinement. We affirm the judgment of the trial court.

The marijuana charges resulted from the Defendant's sale of marijuana to a confidential informant. While the marijuana charges were pending, the Defendant was arrested on a charge of possessing more than .5 grams of cocaine. The indictments state that the marijuana sales occurred on January 9

---

[1]Tenn. Code Ann. § 39-17-417.

and January 16, 1996, and that the cocaine possession took place on August 26, 1996. On appeal, the Defendant argues that the trial judge abused his discretion by requiring the Defendant to serve an additional five months for the cocaine conviction.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The presentence report reflects that the Defendant was twenty-eight years old, single, and had no children. His formal education ended with the eleventh grade but the Defendant stated that he earned his GED. His employment history is fair. He lost his most recent job as an electrician's assistant due to his arrest

and legal problems.  He had been terminated from his prior employment because he was suspected of smoking marijuana while on his break and subsequently refused to take a drug test.

The Defendant's criminal history is quite extensive.  He has been arrested approximately eighteen times.  Among his convictions are several traffic offenses (including two convictions for driving on a suspended license), one public intoxication, one casual exchange of marijuana, one sale of marijuana, two thefts, and several other unspecified misdemeanors.  On the dates of the marijuana sales, the Defendant was on probation from prior convictions.  At the time the Defendant was charged with possessing the cocaine, his probation had expired but he was on bond pending resolution of the marijuana charges.

The Defendant testified concerning his long history of drug and alcohol abuse.  He started experimenting with marijuana when he was about thirteen years old.  In addition to alcohol, he "went to pills like valiums, and then eventually . . . started cocaine use."  He reached the point that he was experiencing memory loss and blackouts.  He said that he sold marijuana to support his own drug habit.  The Defendant admitted that he started using cocaine fairly heavily following his arrest on the charges of selling marijuana. The Defendant testified at the sentencing hearing that he had been in jail for about five months, and ?after being in jail this long and they've been overcrowding us, and for fear of going to prison, I intend to walk a straight line and show the court I can do right."

Concerning the amount of time the Defendant was to serve in confinement, the judge stated,

> He is being given an alternative sentence, but still the — giving him the longer time in custody, I think, are all the same things that would have justified sending him to the penitentiary. That is, it's necessary to protect society by restraining a person who has a long history of criminal conduct, necessary to avoid depreciating the seriousness of the offense, and things less restrictive than confinement have been used recently without success. All of those things apply to this set of facts that we have here.

We believe that the Defendant's lengthy criminal record, the failure of past attempts to rehabilitate him, and his continued disregard for the laws of this State justify the length of confinement ordered by the trial judge. Trial judges are traditionally vested with broad discretion in sentencing matters. From this record, we are unable to conclude that the trial judge erred or abused his discretion.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE